**FILED**
**Jul 22, 2024**
**02:46 PM(CT)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS





# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT GRAY

| | | |
|---|---|---|
| **JEREMY HOLT,** | ) | **Docket No. 2024-20-1554** |
| Employee, | ) | |
| v. | ) | |
| **PROFESSIONAL TOUCH** | ) | |
| **CLEANING OF THE TRI-CITIES,** | ) | **State File No. 15132-2024** |
| Employer, | ) | |
| and | ) | |
| **OHIO SECURITY INSURANCE** | ) | |
| **COMPANY,** | ) | **Judge Brian K. Addington** |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER

---

Jeremy Holt requested medical and temporary disability benefits from a fall at work. After an expedited hearing on July 12, 2024, the Court denies his request for the reasons below.

### History of Claim

Mr. Holt worked for Professional Touch Cleaning of the Tri-Cities. On February 16, 2024, while at work he began to feel a "spell" coming on while cleaning a closet. He testified he can tell when they are about to happen. Apparently, he fell; when he regained consciousness, emergency workers were attending to him. Mr. Holt did not know how or why he fell but was taken to the hospital and released the same day. He stated no one really knows what happened to him. He testified that he has also experienced these spells outside of work.

After the fall, he experienced pain in his neck, left shoulder and arm, and the right side of his head for a few days. When his neck pain continued, he had an MRI, which showed no acute injuries, only degenerative problems and a congenital unfused arch of the C1 joint.

1

Although Mr. Holt does not know why he fell, he asserted it was anxiety related to work. He requested payment of one remaining medical bill of $950.00 and temporary disability benefits for the time he missed from work.

Professional Touch argued that Mr. Holt suffered an idiopathic fall, so his claim his not compensable.

**Findings of Fact and Conclusions of Law**

To obtain the requested relief, Mr. Holt must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(c)(6) (2023).

The initial question is whether Mr. Holt proved that he suffered an injury that arose primarily out of and in the course and scope of his employment. Tenn. Code Ann. § 50-6-102(12). Mr. Holt testified credibly that he suffered a fall at work. He does not know why he fell, but he related that he was suffering from a spell at the time, which has also occurred away from work. Although he received medical care from several sources, he presented no medical records relating the spell, his fall, or his alleged injuries to his work. An opinion from a physician is required to prove the work-relatedness of an injury. Tenn. Code Ann. § 50-6-102(12)(D). He offered none.

Further, Mr. Holt has no knowledge of whether he was injured simply by hitting the ground or something in the closet, because the fall left him unconscious. Injuries without explanation are considered idiopathic. Without evidence that he was injured by a hazard in the closet, Mr. Holt's injuries are considered idiopathic and not compensable. As the Appeals Board has explained, "An idiopathic injury is one that has an unexplained origin or cause, and generally does not arise out of the employment unless some condition of the employment presents a peculiar or additional hazard." *Bullard v. Facilities Perf. Grp.*, 2018 TN Wrk. Comp. App. Bd. LEXIS 37, at *7 (Aug. 7, 2018).

Typically, an employer furnishes medical treatment after an injury at work under section 50-6-204. In instances like Mr. Holt's case, where the injured worker does not know what caused the fall and cannot identify any hazards at work that caused or exacerbated his injuries, the employer is not required to authorize medical benefits because the injuries are not compensable. *Id*. at *8-9.

Under these circumstances, the Court cannot find that Mr. Holt's injuries arose primarily out of his employment. He is not likely to prevail at a hearing on the merits at this time.

This case is set for a status hearing on **September 19, 2024**, at **3:30 p.m. Eastern**. The parties must dial **855-543-5044** to participate in the hearing.

It is **ORDERED**.

**ENTERED July 22, 2024.**

Brian K. Addington

_____
**BRIAN K. ADDINGTON, JUDGE**
**Court of Workers' Compensation Claims**


## APPENDIX

<u>Exhibits:</u>
1. Declaration of Jeremy Holt
2. Declaration of Patricia Thiemann
3. Wage Statement
4. Declaration of Jason Sanders
5. Medical bills
6. Blue Care Tennessee explanation of benefits
7. Emails
8. Jeremy Holt's Deposition transcript
9. Radiology report.


## <u>CERTIFICATE OF SERVICE</u>

I certify that a copy of this Order was sent on July 22, 2024.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Jeremy Holt, Employee | X | | X | jeremyholt36@gmail.com<br>380 Old Mountain View Road<br>Lot 3<br>Bluff City, Tennessee 37618 |
| Eric Shen, Employer's Attorney | | | X | eric.shen@libertymutual.com<br>laura.johnson-peay@libertymutual.com |

_____
**PENNY SHRUM, COURT CLERK**
wc.courtclerk@tn.gov



<u>Right to Appeal:</u>

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
    ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
    ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.
    When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

    **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury: _____**

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s)** (Requesting Party): _____     ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*